# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00238-GCM

| | |
|---|---|
| **NISANDRO SANCHEZ,**<br><br>Petitioner,<br><br>v.<br><br>**ERIK A. HOOKS,**<br><br>Respondent. | **ORDER** |

**THIS MATTER** comes before the Court upon the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF Doc. 1), filed by Petitioner Nisandro Sanchez, and the Motion for Summary Judgment (ECF Doc. 7) filed by Respondent Erik A. Hooks. The Court has fully reviewed the briefings and finds that Petitioner has not demonstrated that Petitioner is entitled to an evidentiary hearing. Therefore, the Court proceeds to rule on Respondent's Motion for Summary Judgment.

## I. BACKGROUND

The facts of Petitioner's case are not especially relevant to this Petition, except that Petitioner's jury returned verdicts of not guilty of trafficking in methamphetamine by manufacture and guilty of trafficking in methamphetamine by possession. The North Carolina Superior Court sentenced Petitioner to a term of imprisonment of 225 to 282 months.

The North Carolina Court of Appeals filed an unpublished opinion finding no reversible error on October 6, 2015, and the North Carolina Supreme Court dismissed Petitioner's notice of appeal by order witnessed on February 4, 2016. On April 25, 2017, Petitioner filed a Motion for Appropriate Relief, which was summarily denied on October 12, 2017. On May 20, 2019,

Petitioner filed a certiorari petition in the North Carolina Court of Appeals and also filed this Petition. After certiorari was denied, this Court ordered Respondent to file an answer, motion, or other response to the Petition. Respondent filed an answer and Motion for Summary Judgment on December 17, 2019, and Petitioner filed a reply on December 23, 2019. The sole ground for a writ of habeas corpus raised in the Petition is that trial counsel committed ineffective assistance of counsel by failing to adequately litigate and preserve issues concerning the prosecutor's allegedly discriminatory use of peremptory challenges during jury selection. ECF Doc. 1 at 5.

The following facts are undisputed. At the outset of trial, counsel explained that race might be at issue in the case. During jury selection, the State removed two jurors with a peremptory challenge. Mr. Frederick Ferguson was an African American and was the first juror struck by the State. The following exchange occurred between Mr. Ferguson and the State:

> MR. MEULEMANS: . . . . Mr. Ferguson, what part of Gaston County do you live in?
> MR. FERGUSON: Gastonia.
> MR. MEULEMANS: Are you married?
> MR. FERGUSON: Yes.
> MR. MEULEMANS: What does your spouse do for a living, sir?
> MR. FERGUSON: She works at Novant Health.
> MR. MEULEMANS: What do you do for a living, sir?
> MR. FERGUSON: I'm employed with Bloom Incorporated, in Stanley.
> MR. MEULEMANS: Do you have any children?
> MR. FERGUSON: Yes, four.
> MR MEULEMANS: And how old are they, Mr. Ferguson?
> MR. FERGUSON: 21, 15, 13, and 10.
> MR. MEULEMANS: And the 21 year old, is the 21 year old in school? Or what does the 21 year old do?
> MR. FERGUSON: He's in the military.
> MR. MEULEMANS: Okay. What branch?
> MR. FERGUSON: Army.
> MR. MEULEMANS: Thank you, Mr. Ferguson.

ECF Doc. 8-10 at 52–53. After a series of standard group questions to which Mr. Ferguson never answered in the affirmative, Mr. Ferguson was excused. The other juror the State excused was a

Caucasian juror with a history of felony abuse, a son who was likely addicted to drugs, and strong opinions about drugs. The race of other prospective jurors was not asked, and the race of the jurors was not noted or specified.

After jury selection, trial counsel raised a *Batson* challenge, and the following exchange occurred:

> MR. SHOOK: Your Honor, as you know Batson disallows the State from excusing a juror based on their race. We would like to get on the record the reason for the State's dismissal of Mr. Frederick Ferguson. He was seated in number ten. We'd like to get that on the record for purposes of a Batson challenge.
> THE COURT: Well, the State -- how many peremptories did the State use?
> MR. MEULEMANS: Two, Your Honor.
> MR. SHOOK: That's correct, Your Honor.
> THE COURT: Two. One Caucasian and one African-American.
> MR. MEULEMANS: That's correct, Your Honor.
> MR. SHOOK: That's correct. My understanding of the case law, Your Honor, is that if a Batson challenge is made the State is required to give a reason ---
> THE COURT: No, you've got to establish a prima facie case before you are called upon -- the State is called upon -- that is, there has to be some appearance of a pattern.
> MR. SHOOK: Sure. We understand.
> THE COURT: I don't find that to have been shown, so ---
> MR. SHOOK: We understand, Your Honor. Thank you.
> THE COURT: --- it's denied.

*Id.* at 79–80. The trial then proceeded. The issue of ineffective assistance of counsel was not raised on direct appeal but was raised in Petitioner's Motion for Appropriate Relief. Any additional relevant facts are set forth in the discussion below.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where these is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is met, the nonmoving party must affirmatively demonstrate

that a genuine dispute of material fact exists requiring a trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine dispute of material fact unless sufficient evidence exists such that a jury could return a favorable verdict for the non-moving party. *Anderson*, 477 U.S. at 250.

## III. DISCUSSION

The questions presented are whether Petitioner's constitutional right to effective assistance of counsel was violated where counsel allegedly failed to adequately litigate and preserve issues concerning the prosecutor's allegedly discriminatory use of peremptory challenges during jury selection and whether the Superior Court's refusal to set aside Petitioner's sentence should be upheld under 28 U.S.C. § 2254(d) and (e).

The Court begins with the basic *Strickland* standards for ineffective assistance of counsel. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* sets forth two components for ineffective counsel including: (1) a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) a showing "that the deficient performance prejudiced the defense." *Id.* at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Turning to the requirements for a *Batson* challenge, a defendant must make a prima facie showing of purposeful discrimination in jury selection through the use of the prosecutor's peremptory challenges. *Batson v. Kentucky*, 476 U.S. 79, 96 (1986). Then, the burden will shift to the government to provide a neutral explanation related to the particular case at issue, and the

trial court must afterward determine if the defendant established purposeful discrimination. *Id.* at 98. Striking even a single prospective juror for a discriminatory reason violates the Constitution. *See Snyder v. Louisiana*, 552 U.S. 472, 478 (2008). All of the circumstances bearing upon the issue of racial animosity should be consulted in considering a *Batson* challenge. *Id.* Such circumstances can include statistical evidence regarding the peremptory strikes against black prospective jurors versus white prospective jurors, evidence regarding disparate juror questioning, comparisons of black jurors struck versus white jurors struck, a prosecutor's misrepresentations of the record regarding peremptory strikes, relevant history of peremptory strikes in past cases, or other relevant circumstances. *Flowers v. Mississippi*, 139 S. Ct. 2228, 2243 (2019).

Having set forth the basic standards regarding ineffective assistance of counsel and also *Batson* challenges, the Court turns to counsel's performance regarding the *Batson* challenge here. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Judicial scrutiny of performance is "highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The inquiry is based on the facts of each case, "viewed as of the time of counsel's conduct." *Id.* at 690. Plaintiff has raised no genuine dispute of material fact concerning the reasonableness of counsel's assistance here. Considering the circumstances, the Court notes that the State struck only one African American juror and, though one juror is enough for a successful *Batson* challenge, the other evidence does not support Petitioner's claim that trial counsel's failure to fully litigate the *Batson* challenge and preserve evidence relating to race for the record was deficient performance.

Even if trial counsel's performance was unreasonable, Petitioner has not established that the performance was prejudicial. As to prejudice, it is defined differently depending on the case.

*Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911 (2017).  Ordinarily, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  The Supreme Court has not decided whether, in a petition for writ of habeas corpus, an ineffective assistance claim regarding an alleged *Batson* error is a structural error that is fundamentally unfair to the extent that prejudice is presumed.  *Weaver*, 137 S. Ct. at 1911–12.  But the Fourth Circuit has affirmed a decision from this Court that required a showing of prejudice where counsel had failed to raise a *Batson* challenge.  *Blakeney v. Branker*, 314 F. App'x 572, 598 (4th Cir. 2009).

In considering prejudice here, Petitioner has presented no evidence that the jury would have returned a verdict or sentence different than Petitioner's jury, but for trial counsel's failure to establish a prima facie claim under *Batson*.  *See Blakeney v. Lee*, No. 3:05 CV-10-V, 2007 WL 1341456, at *20 (W.D.N.C. May 3, 2007).  Nor has Petitioner presented evidence indicating that the jurors were not impartial.  *See id.*  Petitioner has not established that there is a genuine dispute of material fact regarding the ineffective assistance of counsel claim where there is no evidence that the results of the proceeding would have differed.

Though the Superior Court summarily denied Petitioner's Motion for Appropriate Relief, such a summary denial can still be found to not be contrary to, or involving an unreasonable application of, clearly established federal law.  *See Harrington v. Richter*, 562 U.S. 86, 99 (2011).  For the reasons set forth herein, the Court concludes that the Superior Court's decision upon Petitioner's Motion for Appropriate Relief should be upheld.

**IV. ORDER**

For the reasons stated herein, **IT IS THEREFORE ORDERED**:

1. Petitioner's Petition Under Writ of Habeas Corpus (ECF Doc. 1) is **DENIED**;

2. Respondent's Motion for Summary Judgment (ECF Doc. 7) is **GRANTED**; and

3. The Court declines to issue a certificate of appealability.

   **SO ORDERED**.

Signed: April 5, 2021

Graham C. Mullen
United States District Judge